IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT HARLEY MCCRAY, <br> (TDCJ-CID #422744) <br><br> Petitioner, <br><br> VS. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-14-1019 |

**MEMORANDUM AND OPINION**

The petitioner, Robert Harley McCray, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging his state-court conviction for aggravated sexual assault and the revocation of his mandatory supervision. The respondent moved for summary judgment on the ground that the petition was successive as to some claims and time-barred as to others. (Docket Entry No. 15). The respondent filed copies of the state court record. (Docket Entries Nos. 9-14). McCray responded to the motion. (Docket Entry No. 17). Based on the pending motion, the record, and the applicable law, this court grants the respondent's motion for summary judgment and dismisses this case by separate order. The reasons are set out below.

**I.       Background**

A jury found McCray guilty of the felony offense of aggravated sexual assault and sentenced him to a 75 year prison term (Cause Number 439378). The Fourteenth Court of Appeals of Texas affirmed McCray's conviction and sentence on November 14, 1991. The Texas Court of Criminal Appeals refused McCray's petition for discretionary review on June 17, 1992. McCray filed an application for state habeas corpus relief on June 16, 2005, which the Texas Court of Criminal

Appeals denied without written order, on findings of the trial court, without a hearing, on December 21, 2005. *Ex parte McCray*, Application No. 16,518-04 at cover.

On August 23, 2006, McCray filed a federal petition, Civil Action No. H-06-2759, challenging his state-court conviction under 28 U.S.C. § 2254. On August 30, 2006, the court found that McCray was not entitled to extend the deadline and dismissed the federal petition with prejudice because it was filed too late.

On July 22, 2010, McCray filed a second federal petition, Civil Action No. H-10-2807, challenging a disciplinary proceeding and the conditions the TDCJ and the Texas Board of Pardons and Paroles imposed before his mandatory supervision release. On July 8, 2011, the court dismissed the second petition because McCray had failed to state a claim on which relief may be granted on all of his claims. The claims were not exhausted, and some claims were not properly raised below and therefore procedurally defaulted.

On April 15, 2014, this court received McCray's third federal petition. The petition was filed when McCray tendered it to the prison authorities for mailing to the district court. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). The court presumes that McCray deposited his federal petition in the prison mail on the date he signed it, April 10, 2014. *Sonnier v. Johnson*, 161 F.3d 941, 945 (5th Cir. 1998).

McCray contends that his conviction is void for the following reasons:

(1) "Improper use of polygraph examination results";

(2) "NO EVIDENCE was submitted at revocation hearing to provide proof of tampering with GPS device" (emphasis in original);

(3) "Improper use of hearsay testimony at MS revocation hearing";

(4) "Petitioner was denied examining an Evaluation Report proffered as evidence by SOTP [Sex Offender Treatment Program] Therapist";

(5) "Petitioner has a liberty interest in improperly revoked previously accrued good-time credits";

(6) "Retroactive laws are violative of the Texas Constitutions[sic] Bill of Rights and are Ex Post Facto when they cause an increase of punishment or Post Hoc Increase of Sentence"; and

(7) "Petitioner was denied effective counsel at trial."

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, pp. 8-10).

The threshold issue is whether this case can proceed.

## II. The Claim Relating to McCray's Conviction
(Claim 7)

On August 22, 2006, the court dismissed McCray's 2006 federal petition challenging the same conviction because it was barred by the statute of limitations. The dismissal of a § 2255 petition as untimely is a "permanent and incurable" bar to federal review of the merits. The bar is permanent because, unlike cases in which a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. A case dismissed as time-barred under AEDPA is an adjudication on the merits that makes a second petition challenging the same conviction or sentence a successive petition. A district court lacks jurisdiction over a successive petition under 28 U.S.C. § 2244(b)(3)(A) (1998). Unless, the appellate court authorizes the district court to consider it, before it is filed in the district court.

Section 2244(b)(3)(A) states: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for

an order authorizing the district court to consider the application." Before McCray filed the second or third petition challenging his state conviction, he had to file a motion with the United States Court of Appeals for the Fifth Circuit for an order authorizing the district court to consider his petition. There is no indication that McCray sought or obtained such an order.

This court's order entered on April 29, 2014 stated: "Preliminary examination of the petition for a writ of habeas corpus shows that summary dismissal is not warranted." McCray asserts that he understood this to mean that the court had read the petition, and decided to go forward. McCray states that he had informed the court that he had also alleged ineffective assistance of counsel in a prior petition and decided to go forward. But that summary dismissal was not warranted did not decided that the court had jurisdiction to proceed. Rather, the court ordered the respondent to respond, which it did. This court now finds and concludes that it has no jurisdiction to consider McCray's habeas claims relating to his 1989 conviction because McCray did not obtain the Fifth Circuit's order authorizing this court to do. McCray's petition for a writ of habeas corpus under 28 U.S.C. § 2254 is dismissed for lack of jurisdiction.

This civil action is also barred by the statute of limitations. McCray had filed Civil Action No. H-06-2759 in federal court on August 23, 2006, challenging the same state court conviction he challenges here. The court dismissed the 2006 federal petition with prejudice as barred by the statute of limitations. McCray does not explain why the ineffective assistance claim he has filed years later, in this case, is not also barred.

### III. The Claims Relating to McCray's Mandatory Supervision
(Claims 1-6)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions. The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

McCray's challenge to the revocation of his release on mandatory supervision was filed too late. The critical date is not when McCray's state conviction became final, but instead the date when McCray discovered the factual predicate of his claims. 28 U.S.C. § 2244(d)(1)(a)(D). He knew then the facts he relies on now to support his wrongful-revocation claim. McCray's mandatory

supervision was revoked on February 7, 2013. The one-year limitations period began on February 7, 2013. The limitations period ended on February 7, 2014, but McCray waited until April 10, 2014 before filing his federal petition. It is untimely.

On January 5, 2014, McCray submitted a state application for writ of habeas corpus, in which he raised four grounds challenging his mandatory supervision revocation and the forfeiture of his good-time credits. (Docket Entry No. 14-1, State Court Records, p. 25). The Texas Court of Criminal Appeals dismissed this state habeas application because it failed to comply with Rule 73.1 of the Texas Rules of Appellate Procedure. 28 U.S.C. § 2244(d)(2)(West 1997). (Docket Entry No. 13-8, State Court Records, p. 1). Although a properly filed application for state post-conviction relief tolls limitations, McCray's state application was not properly filed and therefore did not extend the deadline for filing the federal petition.

McCray argues that the most recent revision of the state application for post-conviction relief was not available at the Coffield Unit, and the Texas Court of Criminal Appeals erred in dismissing his state application for noncompliance. Neither an improperly filed state habeas petition nor a state habeas petition filed outside the limitations period has any effect on the one-year time-bar. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("[A]n application is *properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) ("[Petitioner]'s state habeas application did not toll the limitation period under § 2244(d)(2) because it was not filed until *after* the period of limitation had expired."). The Fifth Circuit has repeatedly applied this rule to the TCCA's rejection of filings under Texas Rule of Appellate Procedure 73.2. *See, .g., Whitlock v. Quarterman*, No. 06–11066, 2008 WL 3244282, at *1 (5th Cir. Aug. 8, 2008); *Caldwell v. Dretke*, 182 F. App'x 346, 347 (5th Cir. 2006);

*Edwards v. Dretke,* 116 F. App'x 470, 471 (5th Cir. 2004). McCray's state application did not toll the limitations period because it was not properly filed.

The respondent also argues that McCray's claims relating to his mandatory supervision are unexhausted. McCray responds that he presented his claims to the Texas Court of Criminal Appeals. The Texas Court of Criminal Appeals dismissed this state habeas application because it was not filed under Rule 73.1 of the Texas Rules of Appellate Procedure. (Docket Entry No. 13-8, State Court Records, p. 1). By dismissing McCray's claims, the Texas Court of Criminal Appeals declined to consider the claims for reasons unrelated to the merits. The court concludes, in the alternative, that McCray's claims relating to his mandatory-supervision revocation are unexhausted.

## IV. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 15), is granted. McCray's petition for a writ of habeas corpus is denied. This case is dismissed with prejudice. McCray's motion for default judgment, (Docket Entry No. 16), is denied. All remaining pending motions are denied as moot.

No Certificate of Appealability will issue. The showing necessary for a Certificate of Appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 429 U.S. 473, 483 (2000)). An applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). When, as here, the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a Certificate of

Appealability should not issue unless the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson*, 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack*, 529 U.S. at 484). McCray has not made the necessary showing. A Certificate of Appealability is denied.

SIGNED on January 23, 2015, at Houston, Texas.

                                              Lee H. Rosenthal
                                              United States District Judge